UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD SCOTT KAPLAN,           )
                               )
        Plaintiff,             )
                               )
-vs-                           )   CASE NO.: 6:10-CV-95-ORL-18DAB
                               )
ROBERT L. BURROWS,             )
                               )
        Defendant.             )
                               )

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND SANCTIONS, NOTICE OF FILING MOTION UNDER RULE 11, AND INCORPORATED MEMORANDUM OF LAW**

Defendant Robert L. Burrows ("Burrows"), by and through undersigned counsel and pursuant to Rules 11(c) and 54, Fed. R. Civ. P., 28 U.S.C. § 1927 and the inherent powers of this Court, moves for an award of his reasonable attorneys' fees, costs and sanctions against Plaintiff Ronald Scott Kaplan ("Kaplan") and his attorneys Robert Blanchfield ("Blanchfield") and Marc Ossinsky ("Ossinsky") and in support thereof, states as follows:

1.      Contemporaneously herewith, Defendant Burrows files his motion for sanctions under Rule 11(c), Fed. R. Civ. P., which was served upon Blanchfield as counsel for Plaintiff Kaplan via facsimile and U.S. Mail on February 9, 2010. Because this motion was signed by Defendant Burrows' prior counsel David Beyer, undersigned counsel adopts and ratifies the contents of the February 9, 2010 motion. Defendant Burrows' February 9, 2010 Rule 11 motion is filed contemporaneously herewith as Exhibit "A" and incorporated herein by reference.

2. In addition to the reasons set forth in Burrows' Rule 11 motion attached as Exhibit "A,"[1] Defendant also seeks an award of attorneys' fees, costs and sanctions against Plaintiff Kaplan's attorneys Robert Blanchfield and Marc Ossinsky pursuant to 28 U.S.C. § 1927 and the inherent powers of this Court for Kaplan's attorneys' unreasonable and vexatious multiplication of this proceeding.

3. Defendant Burrows has retained undersigned counsel and agreed to pay them a reasonable fee for their services.

4. In support of this motion, Defendant Burrows files the affidavits of Richard C. Swank and Bruce B. Blackwell contemporaneously herewith and incorporates them herein by reference.

5. To date, Defendant Burrows has incurred attorneys' fees and costs of $60,766.04 in defending this action.

WHEREFORE, Defendant Robert L. Burrows requests an order of this Honorable Court imposing sanctions against Plaintiff Ronald Kaplan and his attorneys Robert Blanchfield and Marc Ossinsky, including awarding Burrows his reasonable attorneys' fees and costs of $60,766.04, along with post-judgment interest and such further relief as this Court deems just and proper.

---

[1] Because Defendant Burrows is asserting additional grounds for sanctions against Plaintiff Kaplan and his attorneys, Burrows will treat this as a single motion and observe the combined 25-page limit set forth in Local Rule 3.01(a).

365147.doc

**MEMORANDUM OF LAW**

As this Court observed in its order granting Defendant Burrows' motion for summary judgment, Plaintiff Kaplan's complaint against Burrows in this matter for Fair Labor Standards Act ("FLSA") wages and retaliation had no reasonable basis in law or in fact. (ECF No. 40.)   Prior to bringing this action, Kaplan previously obtained a judgment against his real employer, Action Products International, Inc. ("APII"), for the exact damages he subsequently sought from Burrows. (ECF No. 12-2.)  Further, Plaintiff Kaplan was exempt from the wage provisions of the FLSA as an administrative and/or executive employee. These facts were brought to the attention of Plaintiff Kaplan and his attorney Blanchfield[2] at the very outset of the case via a motion for sanctions under Rule 11, served on them on February 9, 2010, only five days after service of the complaint. *See* Exhibit "A." Nevertheless, Plaintiff Kaplan and his attorneys persisted in prosecuting this meritless and vexatious suit against Burrows. (ECF No. 25-5, 25-6.)

The instant lawsuit is part of a contumacious attempt by Plaintiff Kaplan and his attorneys to play "all sides against the middle" with respect to various claims brought by various parties, including Burrows, relating to the financial collapse of APII, of which Kaplan's father, Warren Kaplan, was a major shareholder and former Chief Executive Officer. (ECF No. 25-1, ¶ 21; ECF No. 25-4.)   After his resignation from APII, Defendant Burrows filed a claim in arbitration against APII on July 28, 2009. (ECF No. 25-5, ¶ 1.)

---

[2] Plaintiff Kaplan was represented in the instant action solely by attorney Blanchfield until December 30, 2010, when attorney Ossinsky filed his notice of appearance. (ECF No. 34.) Ossinsky previously represented Ronald Kaplan in his state action against APII. (ECF No. 12-1.)   Though Ossinsky appeared late in the instant case, he still participated in the vexatious conduct, despite being put on notice of Burrows' Rule 11 motion. *See infra*.

3

Until he withdrew on April 6, 2010, Plaintiff Kaplan's attorney Blanchfield represented APII in the arbitration. (ECF No. 25-1, ¶ 37.)  The arbitrator ultimately entered his award against APII and in favor of Burrows on May 5, 2010. (ECF No. 25-5.)  The Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida confirmed the arbitrator's award and entered default judgment against APII on July 19, 2010. (ECF No. 25-6.)

At about this same time, Plaintiff Kaplan – represented by Ossinsky – filed suit solely against APII in Florida state court for unpaid wages on July 27, 2009. (ECF No. 12-1.)  The Florida Ninth Judicial Circuit entered default judgment against APII in favor of Kaplan on November 19, 2009. (ECF No. 12-2.)

In the meantime, on July 17, 2009, some of Defendant Burrows' former co-workers at APII, including Debra Rutledge, filed an FLSA wage and retaliation lawsuit in this Court against, *inter alia*, APII. *See Rutledge et. al. v. Action Prods. Int'l, Inc. et. al.*, Case No. 6:09-CV-1245-ORL-35-GJK (M.D. Fla. 2009) (the "Rutledge Lawsuit").[3]  In the Rutledge Lawsuit, the plaintiffs included Warren and Judith Kaplan, Plaintiff Kaplan's parents, as defendants.  *See* Rutledge Lawsuit (ECF No. 1.)   In the Rutledge Lawsuit, Ossinsky and Blanchfield made appearances on behalf of Warren and Judith Kaplan, though they did not represent APII. *See* Rutledge Lawsuit (ECF No. 21, 59.)

Plaintiff Ronald Kaplan filed the instant lawsuit against Defendant Burrows on January 19, 2010. (ECF No. 1.)  By that time, Blanchfield had made an appearance on behalf

---

[3] Defendant Burrows requests, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the pleadings and other documents filed in the Rutledge Lawsuit. Moreover where, as here, the Court personally observed the sanctionable conduct of the attorneys, a hearing is not required. *See Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989).

365147.doc

of Warren and Judith Kaplan in the Rutledge Lawsuit and was aware of the manner in which Rutledge had structured her FLSA claims against Warren and Judith Kaplan, particularly her retaliation claims. *See* Rutledge Lawsuit (ECF No. 21.)

Defendant Burrows filed his motion for summary judgment as to Plaintiff Kaplan's wage and retaliation claims under the FLSA in the instant lawsuit on July 28, 2010. (ECF No. 24.)  On October 19, 2010, one day after Ossinsky appeared in the Rutledge Lawsuit as an additional attorney for Warren and Judith Kaplan, those parties filed their motion for summary judgment as to the claims against them in that action. *See* Rutledge Lawsuit (ECF No. 62.)

Examination of Warren and Judith Kaplan's motion for summary judgment in the Rutledge Lawsuit shows that not only did the Kaplans and their attorneys use Burrows' motion to "ghostwrite" it, they plagiarized whole sections.   Their plagiarism included "borrowing" essential research that Burrows had paid his own attorneys to do.  *Compare* (ECF No. 24, p. 8) *with* Rutledge Lawsuit (ECF No. 62, p. 5.)  Counsel went beyond this, though, lifting whole sections of argument drafted by Burrows' counsel which were not quoted from case law. *Compare* (ECF No. 24, p. 19) ("Plaintiff's retaliation claim in Count II is also meritless.  Plaintiff Ronald Kaplan cynically seeks to take advantage of the expansive legal standards relating to retaliation claims to manipulate the FLSA for his own improper purposes. Plaintiff attempts to hold accountable a fellow officer whom Plaintiff knows had no authority to withhold his salary or otherwise alter the conditions Plaintiff claims forced his resignation.") *with* Rutledge Lawsuit (ECF No. 62, p. 11) ("Plaintiff's retaliation claim in Count III is also without factual or legal support. Based on review of the Complaint, it

appears Plaintiffs seek to take advantage of the expansive legal standards relating to retaliation claims to manipulate the FLSA. Plaintiff[4] attempts to hold accountable fellow former employees whom Plaintiffs know did not make the decision to defer wages.")

Such plagiarism, though ethically questionable, might not rise to the level of sanctionable conduct, were it not for the fact that Plaintiff Kaplan's attorneys took diametrically opposite positions in the two lawsuits. Ultimately, this led to Plaintiff Kaplan's attorneys making representations of material fact in the Rutledge Lawsuit that were adverse to the interests of Plaintiff Ronald Kaplan in the instant lawsuit. Notably, on January 12, 2011, after Defendant Burrows' motion to compel (ECF No. 35), Plaintiff Kaplan served his amended verified answers to Burrows' interrogatories. A true-and-correct copy of Kaplan's verified answers is filed contemporaneously herewith as Exhibit "B." In his answers to interrogatories, Plaintiff Kaplan set forth his calculation of damages for count II of his complaint for FLSA retaliation. *See* Exhibit "B" at 2-3. Plaintiff Kaplan calculated that he was entitled to damages based in part on two years' worth of wages and benefits he would have received had he not been "constructively terminated" from APII. *See id.*

However, in a motion in limine filed with this Court in the Rutledge Lawsuit, Warren and Judith Kaplan's attorneys directly contradicted Plaintiff Ronald Kaplan's calculations. *See* Rutledge Lawsuit (ECF No. 102.) A true-and-correct copy of this motion in limine is filed contemporaneously herewith as Exhibit "C." In an effort to limit the plaintiffs' damages in the Rutledge Lawsuit, Ossinsky and Blanchfield – as signatories to the motion in limine – made the representation that "ACTION PRODUCTS ceased active operations

---

[4] In copying the passages from Defendant Burrows' motion, counsel apparently forgot that the Rutledge Lawsuit had multiple plaintiffs.

6

365147.doc

during the "Summer of 2009" and argued that should be the cutoff point for damages. Exhibit "C" at 13.  Thus, not only did Plaintiff Kaplan's own attorneys make arguments in the Rutledge Lawsuit that were opposite to those made in the instant lawsuit, they also made a representation of material fact that a plaintiff seeking damages related to the APII collapse must limit calculation of such damages to July 2009, some nineteen fewer months than their client Plaintiff Ronald Kaplan had himself calculated.

Attorney Ossinsky did not make an appearance on behalf of Plaintiff Kaplan in the instant case until December 30, 2010. (ECF No. 34.)  Ossinsky promptly noticed a deposition of Defendant Burrows set by agreement of the parties for January 14, 2011.  A true-and-correct copy of the notice of deposition, issued by Ossinsky's office, is filed contemporaneously herewith as Exhibit "D."  Upon Ossinsky's appearance in the instant action, on January 3, 2011, Burrows' counsel gave notice to Ossinsky via electronic mail that a Rule 11 motion had been served seeking sanctions against Plaintiff and his counsel.  A copy of this electronic mail chain is filed contemporaneously herewith as Exhibit "E."

Despite being put on notice of the Rule 11 motion, Plaintiff Kaplan's attorneys went forward with the deposition of Defendant Burrows. During the deposition, most of the questions concerned Burrows' knowledge of the Rutledge Lawsuit.  Upon information and belief, this party deposition was taken in the instant case solely to avoid having to subpoena non-party Burrows for deposition in the Rutledge Lawsuit.  Plaintiff Kaplan served no other discovery.  So, while attorney Ossinsky's participation in the instant suit was late in the case, it also unreasonably contributed to Defendant Burrows' defense costs.

"Any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 ("Section 1927"). Section 1927 was created to "'deter frivolous litigation and abusive practices by attorneys . . . and to ensure that those who create unnecessary costs also bear them.'" *O'Rear v. Am. Family Life Assurance Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992) (quoting *Kapco*, 886 F.2d at 1491). Under Section 1927, a court may assess attorneys' fees against those who willfully abuse the judicial process by conduct tantamount to bad faith. *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991), *cert. denied*, 502 U.S. 1048 (1992) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)).

Section 1927 requires that: (1) an attorney must engage in unreasonable and vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; and (3) the sanctions may not exceed the costs, expenses, and fees reasonably incurred due to the objectionable conduct. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)), *amended on reh'g on other grounds*, 311 F.3d 1077 (11th Cir. 2002). In the instant case, the actions of Plaintiff Kaplan's attorneys show that the entire instant case was unreasonable and vexatious and led to additional unnecessary litigation in both the instant proceedings and the Rutledge Lawsuit.

As noted in this Court's order granting Defendant's motion for summary judgment, there was no legal or factual basis for Plaintiff Kaplan's lawsuit. (ECF No. 40.) Accordingly, Defendant Burrows served upon counsel for Plaintiff Kaplan his motion for sanctions under Rule 11 at the very outset of the case. *See* Exhibit "A."

However, the conduct of Plaintiff Kaplan's attorneys went beyond merely bringing a frivolous and meritless case.  Plaintiff Kaplan's attorneys pitted the interests of their client in the instant case against those of their clients in the Rutledge Lawsuit, to the detriment of both.  Plaintiff Kaplan's attorneys' taking adverse positions permitted them to use Defendant Burrows' attorneys as a shadow workforce in their efforts to exonerate Warren and Judith Kaplan at the expense of Ronald Kaplan.  Plaintiff Kaplan's attorneys' contrary arguments and adverse representations of material fact in the two lawsuits exemplify the vexatious and bad faith nature of the entire instant lawsuit because they show that even they believed Ronald Kaplan's FLSA claims to be without merit.   In addition to the sanctions provided by Rule 11(c), this Court should levy sanctions under Section 1927 against Plaintiff Kaplan's attorneys for their bad faith conduct before this Court. *See Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1052-53 (M.D. Fla. 2003) (finding that "counsel's intentional, continued prosecution of this case, which had no plausible legal or factual basis, was unreasonable and vexatious to the judicial process and tantamount to bad faith").

Moreover, this Court also has the inherent authority to sanction the attorneys before it for bad faith conduct. The United States Supreme Court has determined that "the power of a court over members of its bar is at least as great as its authority over litigants.  If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Roadway Express, Inc.*, 447 U.S. at 766 (citation omitted).  *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)).  That Plaintiff Kaplan's attorneys acted in bad faith is simply undeniable.  This Court should not tolerate the games they played with their contrary conduct

in the two lawsuits. Accordingly, this Court should exercise its inherent powers to impose sanctions on Plaintiff Kaplan's attorneys. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-51 (1991) (holding that a court may invoke its inherent power to sanction a party even if the conduct is sanctionable by statute or rule).

For the reasons set forth herein, Defendant Burrows respectfully requests an Order of this Court levying sanctions against Plaintiff Kaplan and his attorneys, including an award of Burrows' reasonable costs and attorneys' fees incurred in defending this frivolous and vexatious suit.

**LITCHFORD & CHRISTOPHER**
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
Telephone:  (407) 422-6600
Telecopier:  (407) 841-0325
Attorneys for Defendant

By: /s/ Richard C. Swank
   Richard C. Swank
   Florida Bar No. 172855
   rswank@litchris.com
   Marisa E. Rosen
   Florida Bar No. 73152
   mrosen@litchris.com

365147.doc

**CERTIFICATION OF GOOD-FAITH CONFERENCE**

The undersigned hereby certifies, pursuant to Local Rule 3.01(g), that he has conferred with opposing counsel in a good-faith effort to resolve the issues raised by this motion and was unable to agree to a resolution.

/s/ Richard C. Swank
Richard C. Swank

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert Blanchfield, Esquire
Bob@Blanchfieldlawfirm.com

Marc Ossinsky, Esquire
Marc@ossinskycathcart.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

/s/ Richard C. Swank
Richard C. Swank

365147.doc