UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:10-CV-95-ORL-18DAB

RONALD SCOTT KAPLAN,          )
                              )
     Plaintiff,               )
                              )
vs.                           )
                              )
ROBERT L. BURROWS,            )
                              )
     Defendant.               )
_____)

**MARC P. OSSINSKY, ESQUIRE'S
MOTION AND MEMORANDUM TO STRIKE,
AND RESPONSE TO DEFENDANT'S MOTION FOR
AWARD OF ATTORNEY'S FEES, COSTS AND SANCTIONS,
NOTICE OF FILING MOTION UNDER RULE 11
AND INCORPORATED MEMORANDUM OF LAW**

MARC P. OSSINSKY, Esq., (hereinafter, "Ossinsky"), by and through undersigned counsel, hereby submits this Motion and Memorandum to Strike and Response to Defendant's Motion for Award of Attorney's Fees Costs and Sanctions, Notice of Filing Motion Under Rule 11 and Incorporated Memorandum of Law, (Dkt. 41), and in support thereof would show:

1. Plaintiff commenced this action by filing a two count Complaint, (Dkt. 1), on January 19, 2010 alleging claims based upon non-payment of wages

and retaliation under the Fair Labor Standards Act, ("FLSA").[1]

2. Defendant immediately served its Motion for Rule 11 Sanctions, (Dkt. 41-1), on February 9, 2010, a mere five (5) days after service of the Complaint however the Defendant did not file the motion until March 21, 2011.

3. Defendant, on July 28, 2011 filed its Motion for Summary Judgment & Incorporated Memorandum of Law, (Dkt. 24), and Plaintiff filed his Response in Opposition to this motion on August 12, 2010, (Dkt. 28).

4. The parties filed a Joint Motion for Extension of Time to Complete Discovery, (Dkt. 32), on November 19, 2010 and during the agreed extension period both parties conducted limited discovery.[2]

5. During the extended and agreed to discovery period the Plaintiff took the deposition of the Defendant, Robert Burrows. Also during the extension the Defendant served Interrogatories and a Request to Produce upon the Plaintiff.

6. Further, Burrows Affidavit filed here, (Dkt. 25), was field by Chapman in the pending case in opposition to Defendants' Motion for Summary Judgment there, (Dkt. 74-15). This interplay needed to be investigated in discovery.

---

[1] Ossinsky was not a signatory thereto, and did not represent the Plaintiff in this case at that time.
[2] Defendant's Motion for Fees makes inconsistent assertions. Adamantly claiming that suit was frivolous and then jointly seeking additional time to complete discovery some ten (10) months later, all-the-while trying to justify why the alleged frivolous suit generated attorney's fees in excess of $60,000.

{00089851.DOC- 1}

7. The transcript of Defendant Burrows' deposition[3] is attached hereto and incorporated by reference as Exhibit A. A review of Exhibit A establishes that the entire deposition including breaks lasted two (2) hours. See, Exhibit A, pages 1 &85. It further provides that only five (5) objections were made during the entire course of the deposition by Defendant's counsel. See, Exhibit A, pages 16, 17, 19, 43, 46 & 85.

8. At no time, during the course of these proceedings, did the Defendant have to seek a protective order and while the Defendant did file a Motion to Compel this motion was denied as moot. (Dkt. 38)

9. This Court granted Defendant's Motion for Summary Judgment finding that the Plaintiff had not attempted to controvert Defendant's argument as to Count I. It was further judged that Plaintiff's claim as to Count II could not withstand Defendant's Motion for Summary Judgment. (Dkt. 40)

10. Approximately six (6) months prior to the commencement of this action, Plaintiff's parents, Warren and Judith Kaplan were sued by a possibly exempt employee, Debra Rutledge. *See, Rutledge et al. v. Actions Products Int'l, Inc.*, et al. Case No. 6:09-CV-1245-ORL-35-GJK (M.D. Fla. 2009) ("Rutledge case").

---

[3] Supportive for attorney's fees in Defendant's Motion, (Dkt. 41, pg. 5).

{00089851.DOC- 1}

11. Said case was assigned to this Court. The Rutledge Plaintiffs were represented by local attorney, Martha Chapman, Esquire, who is known as a Labor and Employment lawyer with approximately 19 years of experience in the field and has handled numerous FLSA claims.

12. The crux of Ms. Chapman's Complaint brought on behalf of Debra Rutledge, an apparently exempt employee, was that Ms. Rutledge's exempt salary was unilaterally reduced to $10.00 per hour, a rate in excess of the minimum wage but less than the exemption amount; and that Ms. Rutledge suffered retaliation as a result of her complaining about her employer's wage practices. (See, Rutledge case, Amended Order, Dkt. 86, pages 6-8). Here in the instant action, Plaintiff's wages were reduced to zero and also alleged tangible adverse employment actions resulting from his complaint.

13. The claims brought by Debra Rutledge survived a Motion for Summary Judgment and continued to trial ending after the entry of Summary Judgment in the instant case.

14. Neither the Rutledge case nor the instant action was subject to a motion to dismiss as both apparently stated a cause of action. Rather both actions included the affirmative defense that the claims were brought by an exempt employee. It is the burden of the proponent of an affirmative defense to establish the defense.

{00089851.DOC- 1}

## Failure to Hold Rule 3.01(g) Conference

15.     As an initial matter, Ossinsky objects to and seeks to strike Defendant's entire Motion for Award of Attorney's Fees, Costs and Sanctions, Notice of Filing Motion Under Rule 11, (Dkt. 41) (hereinafter, "Motion for Fees"), except that portion contained in the Motion for Fees entitled, Defendant's Motion for Rule 11 Sanctions, (Dkt. 41-1), as Defendant failed to conduct a Rule 3.01(g) conference with the undersigned prior to its filing.

16.     Defendant did conduct a Rule 3.01(g) conference as to Defendant's Motion for Rule 11 Sanctions, (Dkt. 41-1) but Ossinsky was never informed that any other motion or alternate basis for sanctions and fees was contemplated or was to be filed by the Defendant.

17.     Defendant likely realizing that Defendants' Motion for Rule 11 Sanctions was not viable as to Ossinsky, has decided to cast a broader net by seeking sanctions based upon 28 U.S.C. 1927 and this Court's inherent powers.

18.     Attached hereto and incorporated in full herein as Exhibit A are several emails exchanged between Ossinsky and Defendant's counsel that reflect that the only motion contemplated to be filed was the Motion for Rule 11 Sanctions. Clearly Defendant's counsel knew of his obligation to hold a Rule 3.01(g) conference and was required to act in good faith. Defendant's counsel, having obfuscated the nature of the motion, a motion that claims to demonstrate

{00089851.DOC- 1}

undersigned counsel's bad faith and blatant violations of the rules and procedures of this Court is an attempted mis-use of 28 U.S.C. §1927.

19.   The Defendants failure to hold a Rule 3.01(g) conference is a sufficient basis, in and of itself, to deny without prejudice, Defendant's *Motion for Fees* on these alternate theories. *New Hampshire Indemnity Co., Inc. v. Reid*, 2006 WL 1760624, *3 (M.D. Fla. 2006). However as these proceedings are near the end and the subject matter of the Motion for Fees addresses adherence to this Court's rules and procedures it is respectfully submitted that the motion should be stricken. See, *Unlimited Resources, Inc. v. Deployed Resources, LLC*, 2009 WL 1370794, *1 (M.D. Fla. 2009)(finding that continued violation of Rule 3.01(g) would lead to sanctions).

## Argument as to Sanctions
## 28 U.S.C. Sec. 1927

20.   Defendant's Motion for Fees based upon alleged violations of 28 U.S.C. §1927, is not viable as the Defendant has argued that the, "**entire instant case** was unreasonable and vexatious and led to additional unnecessary litigation in both the instant proceedings and the Rutledge Lawsuit."[4] (*Emphasis added*); (Dkt. 41, page 8).

---

[4] What reliance this claim is to support the attempt at attorney's fees here is unknown. The undersigned did not insert Burrow's Affidavit in the Rutledge suit.

{00089851.DOC-1}

21. Defendant's argument that the instant case lead to "unnecessary litigation" in BOTH proceedings is irrelevant and baffling[5]. Trying to follow the logic of Defendant's argument is like using a step ladder to cross the Grand Canyon. It simply is nonsensical.

22. The issue that is raised by the Defendant and needs to be decided by this Court is whether sanctions are appropriate under 28 U.S.C. §1927. As detailed in the case of *Peterson v. BMI Refactories*, 124 F.3d 1386, 1396 (11th Cir. 1997), to sanction Ossinsky and/or Co-Counsel Blanchfield this Court must find that three criteria are met, which are:

> (1) Unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings.

23. It is not enough to show a claim is frivolous, rather a showing of bad faith *in the pursuit of a frivolous claim* or the obstruction of non-frivolous claims must be shown. *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Furthermore the bad faith exhibited must be to such an extent that the "proceedings are multiplied".

24. Sanctions based on §1927 are not appropriate based on a cause of action being frivolous, since at the time of filing an initial pleading there is nothing

---

[5] See prior footnote.

{00089851.DOC- 1}

of record that can be "multiplied". *Macort v. Prem, Inc.,* 2006 WL 3473734 *4 (11th Cir. 2006) (finding that the plain language of 28 U.S.C. §1927 applies only to filings after the initial lawsuit).

25. As in the *Prem* case, this action involves a simple two count complaint, initial disclosures and little subsequent discovery. On this record, no finding of unreasonable vexatiousness can be supported and thus no proceedings were improperly multiplied.

26. Defendant's Motion for Fees is further deficient as Defendant does not identify any filing or action other than the filing of the Complaint that is vexatious that caused the proceedings to multiply. To the extent that any particular filing, other than the Complaint is discussed by the Defendant, such document cannot support a finding that 28 U.S.C. §1927 was violated. The first document discussed by the Defendant is the Motion for Summary Judgment filed by Co-Counsel Blanchfield in the Rutledge case that Defendant claims contains language used in Defendant's own motion. Even if true, and ignoring the fact that Blanchfield's argument in the Rutledge case failed, the Defendant does not identify how such facts multiplied the proceedings in this case. Certainly Defendant's were not called upon to respond to any filing made in the Rutledge case. Likewise Defendant does not cite to any case supporting the bizarre conclusion asserted by Defendant, that sanctions can be awarded under Sec. 1927 on the basis that a filing

in a separate and distinct action was unreasonably vexatious and multiplied the proceedings in this case.

27. The second claim made by the Defendant in seeking §1927 sanctions is that a damages calculation provided by Plaintiff on January 12, 2011 in response to Interrogatories should not have been submitted. In support of this claim Defendant notes that Plaintiff's counsel[6] made an argument some six (6) weeks later in the Rutledge case that would have limited the damages calculation provided in the interrogatory.

28. Clearly the Defendant ignores that these damages calculations and arguments were not made simultaneously. Defendant further decides to selectively pick filings from the Rutledge case docket while Defendant ignores that all of the Plaintiffs in the Rutledge case sought damages from the date they were terminated through the next two years. (Rutledge Lawsuit, Dkt. 98, pages 6 - 9) Furthermore, Defendant Burrow's Affidavit filed in this case, was filed by the Rutledge Plaintiffs in support of their action. (Rutledge Lawsuit, Dkt. 74-15)

29. The Defendant's argument cannot support §1927 sanctions as the Defendant has not argued that a plaintiff such as KAPLAN, in an FLSA retaliation case, is not permitted to demand unpaid wages over a two year time period. This argument has not been made by the Defendant nor would the argument be

---

[6] Martha Chapman, Esquire.

{00089851.DOC- 1}

supported by existing FLSA case law. Nowhere has Defendant argued that Plaintiff's damages calculation submitted in January 12, 2011 was not supported by controlling and binding precedent.

30. Potentially the interrogatory might have had to have been amended if the Court agreed with the argument raised in the Rutledge case, a conclusion that was by no means a certainty as case law on similar damages calculation are very fact intensive.

31. The Defendant's argument is further deficient with regard to the damages interrogatory as there is absolutely no showing how this calculation was either vexatious or multiplied the proceedings.

### Sanctions Pursuant to the Court's Inherent Powers

32. Sanctions that are impermissible under §1927 are impermissible under a court's inherent powers. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007).

### Sanctions Pursuant to Rule 11

33. Ossinsky was never served with any motion for sanctions as required by Rule 11 and was not afforded the benefits of the safe harbor contained in the rule.

34. Additionally there is some ambiguity contained in the Motion for Fees as to whether Defendant seeks to sanction Ossinsky under Rule 11. In light of the

{00089851.DOC-1}

Defendant's emails which clearly suggest it does seek such sanctions, Ossinsky shall respond to Defendant's arguments for sanctions under Rule 11.[7]

35. To the extent that the Motion for Fees, (Dkt. 41), is itself a motion for sanctions pursuant to Rule 11 against Ossinsky, such motion cannot be made as it was not filed in accord with the procedures of Rule 11(c)(2) that necessarily requires that it be: (1) "filed separately from any other motion"; and (2) requires the service of the motion twenty-one (21) days before it is filed **against the signatory to the violating document**.

36. Defendant's Motion for Fees does not comport with either of these two requirements. The first requirement has been violated by the Defendant as the Motion for Fees also provides that it is brought pursuant to, "Rules 11(c) and 54, Fed.R.Civ.P., 28 U.S.C. Sec. 1927 and the inherent powers of this Court." (Dkt. 41, page 1). Defendant has also failed to comply with the second requirement of Rule 11 by failing to serve the instant Motion for Fees twenty-one (21) days before it was filed. See, Rule 11(c)(2).

37. Therefore the remainder of this response is directed to the Motion for Rule 11 Sanctions, (Dkt. 41-1).

---

[7] Ossinsky notes that he could seek sanctions against the Defendant under Rule 11, however in reliance upon the Advisory Committee notes to the 1993 Amendments to Rule 11 such motions "should rarely be needed since under the revision the Court may award to the person who prevails on a motion under Rule 11 . . . reasonable expenses, including attorney's fees, incurred in . . . opposing the motion."

{00089851.DOC- 1}

38. Several courts have denied Rule 11 motions filed against firms that did not sign the offending document that is the subject of the motion. *Ezell v. Lincoln Elec. Co.*, 119 F.R.D. 645, 648 (S.D. Miss. 1988), affirmed 863 F.2d 880, (counsel that did not sign the offensive pleading is not liable for sanctions pursuant to Rule 11); and, *Mars. v. Anderman*, 136 F.R.D. 351, 354 (E.D. N.Y. 1989)(attorney that was first retained immediately prior to trial and did not sign plaintiff's complaint could not be sanctioned under Rule 11).

39. Similarly motions for sanctions have also been denied even where substitute counsel continued the case upon the withdrawal of prior counsel. *Bakker v. Grutman*, 942 F.2d 236, 240-241 (4th Cir. 1991). In *Grutman* the court found that no Rule 11 sanctions could be imposed upon substitute counsel. Counsel had not filed any paper indicating an intention to continue the prosecution of the suit. The only actions undertaken were the filing of a Notice of Appearance and seeking an extension of discovery deadlines which actions were not in prosecution of the case, but rather they demonstrated a desire to determine whether a sufficient factual basis existed for the action. *Id.* at 240.

40. The Defendant has failed to identify any Rule 11 document, that is, "a pleading, written motion, or other paper-whether by signing, filing, submitting or

{00089851.DOC- 1}

later advocating it," such that Ossinsky is liable for to be sanctions.

41. The only document filed by Ossinsky in this action was the Notice of Appearance, (Dkt. 34). By its very terms Rule 11 governs documents that are pleadings, motions or other papers. It is further inapplicable to initial disclosures or discovery requests. See, Rule 11(d). As Defendant cannot identify any document that Ossinsky submitted to this Court or served to advocate to this Court the motion is without any factual or legal support, it is further demonstration of the Defendant's bad faith and merely done as an attempt to harass Ossinsky.

WHEREFORE, MARC P. OSSINSKY, Esq., respectfully requests that this Court to strike the Defendant's Motion for Fees and/or deny the Defendant's Motion for Fees including the Motion for Rule 11 Sanctions under the above authorities and should award Ossinsky his attorney's fees and costs in having to defend Defendant's motions.

### CERTIFICATION OF GOOD-FAITH CONFERENCE

The undersigned hereby certifies, pursuant to Local Rule 3.01(g), that he has conferred with opposing counsel in a good-faith effort to resolve the issues raised in this motion and was unable to agree to a resolution.

/s/ Glen J. Ioffredo

**GLEN J. IOFFREDO**

{00089851.DOC- 1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system on this 6th day of 2011, which will send a notice of electronic filing to the following:

**ROBERT BLANCHFIELD, ESQUIRE**
**Robert Blanchfield, P.A.**
127 West Fairbanks Avenue, Suite 272
Winter Park, Florida 32789; and

**RICHARD C. SWANK, ESQUIRE**
**Litchford & Christopher, P.A.**
Post Office Box 1549
Orlando, Florida 32802-1549

/s/   Glen J. Ioffredo
**GLEN J. IOFFREDO, ESQUIRE**
Florida Bar Number: 080438
Ossinsky & Cathcart, P.A.
2699 Lee Road, Suite 101
Winter Park, Florida 32789
Telephone:  (407) 629-2484
Facsimile:   (407) 629-4429
*glen@ossinskycathcart.com*
Counsel for Marc P. Ossinsky, Esquire.

{00089851.DOC- 1}