UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:10-CV-95-ORL-18DAB

RONALD SCOTT KAPLAN,      )
                          )
    Plaintiff,            )
                          )
vs.                       )
                          )
ROBERT L. BURROWS,        )
                          )
    Defendant.            )
_____)

PLANITFF'S MEMORANDUM OF LAW and RESPONSE TO
DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES, COSTS
AND SANCTIONS

Comes now Plaintiff RONALD KAPLAN and attorney ROBERT BLANCHFIELD hereby submits this Memorandum of Law and Response to Defendant's Motion for Award of Attorney's Fees Costs and Sanctions (Dkt. 41), and in support thereof would show:

Factual Background

1. On or about January 19, 2010, the Plaintiff commenced this action by filing a two count Complaint, (Dkt. 1), alleging violation of the Fair Labor Standards Act ("FLSA") for unpaid wages and retaliation also pursuant to the FLSA.

{00089851.DOC- 1}

2.      Defendant then served its Motion for Rule 11 Sanctions, (Dkt. 41-1), on February 9, 2010. Apparently recognizing the viability of such claims, Defendant filed no Motion to Dismiss, but rather approximately, five (5) months later, prior to any discovery in the matter, filed a Motion for Summary Judgment (Dkt. 24) on July 28, 2010.  Plaintiff filed its Response in Opposition to this motion on August 12, 2010, (Dkt. 28).

3.      During discovery, the Plaintiff took the deposition of the Defendant, Robert Burrows.  At no time, during the course of this deposition, did Defendant seek a protective order.   Significantly, the facts presented by Defendant during this deposition were not considered by the Court in its ruling on Defendant's Motion for Summary Judgment including testimony where Defendant admits that it was his plan to stop paying the wages of the Plaintiff Kaplan.

4.      This Court granted Defendant's Motion for Summary Judgment without the benefit of the facts presented by Defendant in his deposition, the written discovery in this matter,  nor the facts as presented by Plaintiff in the attached affidavit (Exhibit 1).

5.      In the attached affidavit, Plaintiff makes clear that after his supervisor, Robert Burrows, reduced his wages to zero, he complained to Burrows.  This complaint was based on Plaintiff's objective and reasonable understanding that since he was receiving no wages, he was not receiving the minimum salary of an

{00089851.DOC- 1}

exempt employee. Therefore, Plaintiff reasonable concluded that since he was no longer "exempt", he was least entitled to at least minimum wages. On the other hand, he did not at the time realize that Burrows as the individual liable for the decision to reduce his pay to zero and the individual who took retaliatory action against him could be held liable to Plaintiff.

6. Therefore and in consideration of receiving no wages and being the victim of retaliation, Plaintiff was forced to resign from APII in February 2009. Plaintiff filed a complaint in state court on or about June 22, 2009 for theft and unauthorized use of his credit card by APII executives and for wages. Significantly, and as described in his affidavit, Plaintiff received no payment for unpaid wages as a result of his this litigation. It is also significant that Defendant in the instant matter was not a defendant in the state court complaint. As a result, in the present action is Burrows named as a Defendant.

7. Under the FLSA, an "employer" is "any person acting directly or indirectly in 29 U.S.C. §203(d) the interest of an employer in relation to an employee." In *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961), the U.S. Supreme Court in using the "economic reality" test, held that there may be multiple "employers" who are simultaneously liable for compliance with the FLSA. Id. In *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir.1983), the First Circuit acknowledged that the overwhelming weight of authority is that a corporate officer

{00089851.DOC- 1}

with operational control of a corporation's covered enterprise is an employer along with the corporation.  Significantly, in Donovan, the court determined that the FLSA did not preclude personal liability for corporate officers who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of nonpayment," Donovan at 514.  In the instant matter, Defendant has admitted both in this previously filed deposition and in his affidavit (in support of Summary Judgment) that he controlled payroll and other significant financial aspects of APII.   Based on relevant court opinions more fully described above, Defendant was an employer pursuant to the FLSA.

8. In his Motion for Fees/Sanctions, Defendant makes reference to other litigation relating to the demise of Action Products International, Inc.   See, Inc *Rutledge et al. v. Actions Products Int'l,*., et al. Case No. 6:09-CV-1245-ORL-35-GJK (M.D. Fla. 2009) ("Rutledge case").  The Rutledge Plaintiffs were represented by local attorney, Martha Chapman, Esq.   In that matter, Plaintiff Debra Rutledge, an exempt employee, argued that she was owed wages pursuant to provisions of the FLSA and that Ms. Rutledge suffered retaliation as a result of her complaining about her employer's wage practices.  In the instant action, Plaintiff's wages were reduced to zero and also alleged tangible adverse employment actions resulting

{00089851.DOC- 1}

from his complaint.  Significantly, the claims brought by Debra Rutledge survived a Motion for Summary Judgment and continued to trial ending after the entry of Summary Judgment.  Neither the Rutledge case nor the instant action was subject to a motion to dismiss as both apparently stated viable causes of action.

9. Regarding whether Burrows was an employer pursuant to the FLSA, the attached affidavit of Kaplan makes clear that Kaplan had assumed the role of Vice President of Corporate Development (see attached Affidavit of Ronald Kaplan) and reported to Robert Burrows, who held titles and performed commensurate duties of CFO of APII during the relevant period.   As explained in his affidavit, Kaplan's salary was unilaterally reduced to zero by Burrows while Burrows income for 2008 was more than $270,000.00  Burrows controlled all significant financial undertakings of APII and also oversaw and controlled payroll.  Kaplan concluded that he should report what he considered to be a violation of federal and state law to Burrows.  As a result of those complaints, retaliatory actions by Burrows against Plaintiff commenced immediately.

10. In Defendant's motion for sanctions, Defendant makes note of the fact that some of the same court opinions and related legal research was used in Defendants motion for summary judgment in the instant matter and also then used by Defendants in their summary judgment in the matter of *Rutledge v. Kaplan* which is more  fully described above.  Moreover, because the issues were similar

{00089851.DOC- 1}

in both cases, relevant court opinions would logically relate in both cases.  The only significant comparison of the two cases is that Rutledge, an exempt employee, brought an action for unpaid wages under the FLSA.

Failure to Hold Rule 3.01(g) Conference

11.     As an initial matter, Blanchfield objects to and seeks to strike Defendant's entire Motion for Award of Attorney's Fees, Costs and Sanctions, Notice of Filing Motion Under Rule 11, (Dkt. 41) (hereinafter, "Motion for Fees"), except that portion contained in the Motion for Fees entitled, Defendant's Motion for Rule 11 Sanctions, (Dkt. 41-1), as Defendant failed to conduct a Rule 3.01(g) conference with the undersigned prior to its filing.

12.     Specifically, Blanchfield was never informed that any other motion or alternate basis for sanctions and fees was contemplated or was to be filed by the Defendant.  In addition, Blanchfield made Counsel for Plaintiff aware on March 14, 2011 that undersigned was on vacation the week of March 14, 2011 and would not have a fair opportunity to evaluate Defendant's intended motion until his return to full time work on March 21, 2011.   Before undersigned had a reasonable chance to evaluate Plaintiff's motion, Defendant filed his Motion on the morning of March 21, 2011.

13. It would appear Defendant's counsel knew of his obligation to hold a Rule 3.01(g) conference regarding the claims in addition to Rule 11 conference and was required to act in good faith. Simply put, Defendant's counsel did not.

14. The Defendants failure to hold a Rule 3.01(g) conference is a sufficient basis, in and of itself, to deny without prejudice, Defendant's Motion for Fees on these alternate theories. *New Hampshire Indemnity Co., Inc. v. Reid*, 2006 WL 1760624, *3 (M.D. Fla. 2006). However as these proceedings are near the end and the subject matter of the Motion for Fees addresses adherence to this Court's rules and procedures it is respectfully requested that the motion simply be stricken. See, *Unlimited Resources, Inc. v. Deployed Resources, LLC*, 2009 WL 1370794, *1 (M.D. Fla. 2009)(finding that continued violation of Rule 3.01(g) would lead to sanctions).

15. Moreover, Plaintiff and possibly other employees of Action Products International Inc. ("APII) were deprived of wages and benefits as APII failed. While Plaintiff strongly believes he is owed those wages (and damages pursuant to this claim for retaliation), Plaintiff also reasonably recognizes that it is appropriate at this point to end the litigation that has plagued the Courts and which relates to the "end" of APII.

Argument as to Sanctions
28 U.S.C. Sec. 1927

{00089851.DOC- 1}

16. Defendant's Motion for Fees based upon alleged violations of 28 U.S.C. 1927, is not viable as the Defendant has argued that the, "entire instant case was unreasonable and vexatious and led to additional unnecessary litigation in both the instant proceedings and the Rutledge Lawsuit." (emphasis added) (Dkt. 41, page 8). Defendant's argument that the instant case lead to "unnecessary litigation" in BOTH proceedings has no basis in law or fact.

17. At issue is whether sanctions are appropriate under 28 U.S.C. 1927. As detailed in the case of *Peterson v. BMI Refactories*, 124 F.3d 1386, 1396 (11th Cir. 1997), to sanction Plaintiff's Counsel this Court must find that three criteria are met, which are:

> (1) Unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings.

18. It is not enough to show a claim is frivolous, rather a showing of bad faith in the pursuit of a frivolous claim or the obstruction of non-frivolous claims must be shown. *Air Schwartz v. Million, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Furthermore the bad faith exhibited must be to such an extent that the "proceedings are multiplied".

19. Sanctions based on Sec. 1927 are not appropriate based on a cause of action being frivolous, since at the time of filing an initial pleading there is nothing

{00089851.DOC- 1}

of record that can be "multiplied". *Macort v. Prem, Inc.*, 2006 WL 3473734 (11th Cir. 2006) (finding that the plain language of 28 U.S.C. 1927 applies only to filings after the initial lawsuit). This action involves a simple complaint, initial disclosures, and little subsequent discovery. On this record, no finding of unreasonable vexatiousness can be supported and thus no proceedings were improperly multiplied.

20.     As explained in the attached affidavit of Plaintiff, once he stopped receiving any salary and based on his understanding of the wage laws, Plaintiff realized he was no longer receiving the minimum weekly salary of $455 which would qualify him as an exempt employee. Since he was not longer exempt, Plaintiff objectively and reasonably concluded that he was owed at least minimum wages. Immediately upon notifying Burrows of the issue, retaliatory actions by Burrows against Plaintiff commenced.

21.     Defendant's Motion for Fees is further deficient as Defendant does not identify any filing or action that is vexatious and caused the proceedings to multiply. To the extent that any particular filing, other than the Complaint is discussed by the Defendant, such document cannot support a finding that 28 U.S.C. 1927 was violated. The first document discussed by the Defendant is the Motion for Summary Judgment filed by undersigned in the Rutledge case that Defendant claims contains language used in Defendant's own motion. Defendant

{00089851.DOC- 1}

does not identify how such facts multiplied the proceedings in this case and Defendant was not called upon to respond to any filing made in the Rutledge case. Likewise Defendant does not cite to any case supporting the bizarre conclusion that Defendant seeks, that sanctions can be awarded under Sec. 1927 on the basis that a filing in a separate and distinct action was unreasonably vexatious and multiplied the proceedings in this case.

22. Defendant also claims that the damages calculation by Plaintiff on January 12, 2011 in response to Defendant interrogatories were improper. Defendant claims that Plaintiff's counsel made an argument some six (6) weeks later in the Rutledge case that would have limited the damages calculation provided in the interrogatory. To be clear, Plaintiff lists no damages for unpaid wages in his interrogatory answers. Even though Plaintiff reasonably believes that Defendant violated the FLSA through his non-payment of any wages to Plaintiff, the only demand for damages in the Plaintiff's interrogatory answers are related to his retaliation claim

23. Defendant ignores that the damages calculations in his interrogatory answers were not made simultaneously with the work in the *Rutledge* matter. Defendant further cherry picks from the Rutledge case docket as Defendant ignores that all of the Plaintiffs in the *Rutledge* case sought damages from the date they were terminated through the next two years. The Defendant's argument cannot

{00089851.DOC- 1}

support such sanctions as the Defendant has not argued that a plaintiff such as KAPLAN, in an FLSA retaliation case, is not permitted to demand wages over a two year time period. This argument was not been made by the Defendant nor would the argument be supported by existing FLSA case law. Nowhere has Defendant argued that Plaintiff's damages calculation submitted in January 12, 2011 was not supported by controlling and binding precedent. Moreover, whether damages would be capped because of the "demise" of APII in the *Rutledge* matter was not certain since APII is a public company which ceased operating as a toy company, but the corporate "shell" still exists. In addition, it is not the responsibility of Plaintiff's counsel in the instant matter to offer defenses to damages which are the responsibility of defense counsel. Of note, the damage calculations of Plaintiff in the instant matter referenced by Defendant were based on the retaliation claim, not the wage claim. While Plaintiff reasonably believes that Defendant violated wage law by not paying him at least minimum wages ( claim not made in the state court case), Plaintiff also understands that he would be not able to collect the wages "twice" and therefore included no unpaid wages in his response to Defendant's interrogatories. This is true even though the amount claimed in the state court case does not reflect all unpaid wages owed to Plaintiff and are therefore not "identical" to the unpaid wages in the instant matter. The Defendant's argument is further deficient with regard to the damages interrogatory

{00089851.DOC- 1}

as there is absolutely no showing how this calculation was either vexatious or multiplied the proceedings.

24. In addition, sanctions that are impermissible under Sec. 1927 are impermissible under a court's inherent powers. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007).

Sanctions Pursuant to Rule 11

25. Defendant's Motion for Fees, (Dkt. 41) was not filed in accord with the procedures of Rule 11(c)(2) that necessarily requires that it be: (1) "filed separately from any other motion"; and (2) requires the service of the motion twenty-one (21) days before it is filed.

26. Defendant's Motion for Fees does not comport with either of these two requirements. The first requirement has been violated by the Defendant as the Motion for Fees also provides that it is brought pursuant to, "Rules 11(c) and 54, Fed.R.Civ.P., 28 U.S.C. Sec. 1927 and the inherent powers of this Court." (Dkt. 41, page 1). Defendant has also failed to comply with the second requirement of Rule 11 by failing to serve the Motion for Fees twenty-one (21) days before it was filed.

27. The Defendant has also failed to identify any Rule 11 document, that is, "a pleading, written motion, or other paper-whether by signing, filing, submitting or later advocating it" that Blanchfield is liable to be sanctioned.

28. In the "Rule 11" Motion, Defendant refers to the bad faith of Plaintiff's attorneys without specifically identifying such bad faith.

29. Plaintiff had a viable and factually supported claim for wages and for retaliation against Defendant. Plaintiff complained to his Robert Burrows, his supervisor regarding his objectively reasonable belief that Defendants failure to pay Plaintiff any wages violated wage law. That Burrows was an employer as defined by the FLSA in more fully described in the attached affidavit of Plaintiff. Moreover, Burrows made the decision to reduce Plaintiffs wages to zero and also controlled payroll. It would therefore "make sense" for the Plaintiff to complain to Burrows.

30. Plaintiff's causes of action in his state court complaint are distinct from his claims in the instant action. Plaintiff received no unpaid wages as a result of the state court complaint.

31. In the instant action, the complaint states viable claims and such claims were certainly not presented to the court for any improper purpose nor were intended to harass. Moreover, no actions of Plaintiff or Plaintiff's counsel were made in bad faith. Rather, Plaintiff's case was based on actions taken against him

{00089851.DOC- 1}

by Defendant and Plaintiff's (and counsel's) reasonable determination that such actions by Defendant violated the FLSA.

WHEREFORE, Plaintiff Ronald Kaplan and Robert Blanchfield, Esq., respectfully request that this Court to strike the Defendant's Motion for Fees and/or deny the Defendant's Motion for Fees including the Motion for Rule 11 Sanctions.

CERTIFICATION OF GOOD-FAITH CONFERENCE

The undersigned hereby certifies, pursuant to Local Rule 3.01(g), that he has conferred with opposing counsel in a good-faith effort to resolve the issues raised in this motion and was unable to agree to a resolution.

/s Robert Blanchfield
Robert Blanchfield

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system on this 6th day of April, 2011, which will send a notice of electronic filing all counsel of record in this matter.

/s Robert Blanchfield
Robert Blanchfield

{00089851.DOC- 1}