UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:10-CV-95-ORL-18DAB

RONALD SCOTT KAPLAN,            )
                                )
    Plaintiff,                  )
                                )
vs.                             )
                                )
ROBERT L. BURROWS,              )
                                )
    Defendant.                  )
_____)

**NOTICE OF OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION
DATED SEPTEMBER 6, 2011, (Doc. 54), AND
INCORPORATED MEMORANDUM OF LAW**

Counsel, Marc P. Ossinsky, hereby files his Objections to the Magistrate's Report, (Doc. 54), herein, pursuant to 28 U.S.C. § 636(b)(1), and requests this Court review, pursuant to said Statute, the "Findings of Fact" and "Conclusions" of the Magistrate, as specified below:

**Factual Introduction to Objections**

Ossinsky's minimal involvement with the case and the factual mis-apprehensions of the Magistrate support these objections to the Magistrate's Report and Recommendation (Doc. 54), filed on September 6, 2011, (hereinafter "R & R"), in the context of the very limited role Ossinsky played in this case on a

{00099113.DOC- 1}

substantive basis.  A brief review of the docket in this case shows that the first document filed in this action was the Complaint, filed on January 19, 2010 by counsel Robert Blanchfield.

Defendant Burrows' Motion for Summary Judgment was filed on July 28, 2010 (Doc. 24), prior to Ossinsky's entry into the matter, by Defendant's then counsel Beyer.  The docket shows that Ossinsky's Notice of Appearance was not made until December 30, 2010 (Doc. 34), which was the only document Ossinsky filed in this action prior to the Court's Summary Judgment.  Three (3) months later the Court granted Summary Judgment on March 8, 2011 (Doc. 40), which was based upon Burrows' counsel's prior Motion (Doc. 24) and Kaplan's Response submitted by counsel Blanchfield in this matter on August 12, 2010 (Doc. 28).

Ossinsky relied on counsel Blanchfield as to the legal merits of the claim.  At no time prior to the summary judgment during the claims on March 8, 2010, (Doc. 40) did Ossinsky advocate, or present to the Court the claims in the Kaplan Complaint.  The docket shows that the only other filings before the Court by Ossinsky were responses and issues relating to the Burrows' Rule 11 Motion and Motion for Fees (Doc. 40) pursued by Defendant BURROWS and his counsel post the Summary Judgment Order (*e.g.* Docs. 45, 47, 48, 50, 55 and 56).

The Magistrate's R&R relates to Defendant, ROBERT BURROWS, Motion for Award of Attorney's Fees and Costs, and Sanctions, "Notice of Filing Motion under Rule 11, and incorporated Memorandum of Law" (Doc. 41).

The most specific statement in Burrows Motion against Ossinsky is stated at Doc. 41 (pg. 3, fn 2):

> ... **Though Ossinsky appeared late in the instant case, he still participated in the vexatious conduct, despite being put on notice of Burrows' Rule 11 motion.** *See infra.*

(emphasis added). The Magistrate's sole finding was Ossinsky's conduct is the deposition taken as discussed above. (Doc. 54, pg. 8). Thus, Ossinsky tenders the following objections based on the movant's conclusory speculation and the Magistrate's misapprehension of Ossinsky's role in the context of the Rule 11 Motion, as to the conduct of Ossinsky, and the R & R (Doc. #54) at issue.

## I.  Marc Ossinsky has never "represented" APII

Early in the Magistrate's Report and Recommendations, (Doc. 54), filed on September 6, 2011, the Magistrate states (on pg. 2),

> A number of lawsuits were filed and the same two attorneys, Marc Ossinsky and Robert Blanchfield, represented at various times an unpaid former executive, Ronald Kaplan, and in different litigation, represented APII and/or Warren and Judith Kaplan, principals of APII and the parents of Ronald Kaplan.

The Magistrate is mistaken. At no time has Marc Ossinsky, or his lawfirm represented APII. There is no record evidence suggesting same. To the extent this

{00099113.DOC- 1}                        3

may be significant to the proceedings, the Objection is made as to this statement that such representation by Ossinsky occurred which provides support for the Magistrate's findings as may be related thereto.

## II. Ossinsky had no "Improper Motive", or took action in "Bad Faith" (Doc. 54, pg. 13, 14)

Further related findings are equally Problematic: "using the same counsel representing APII against Burrows in the Arbitration … and the history of litigation …" as cited by the Magistrate (R & R, pg. 14), as well as the conclusion drawn there by the Magistrate of a "improper motive", (Doc. 54, pg. 13), on behalf of counsel, including Ossinsky. *Id.* The source for same is less then clear.

It is unknown what effect these misperceptions may have had on the Magistrate's R & R, but as such statements are not true, the Court should review same.

## III. Ossinsky was never "Substitute Counsel"

In the R & R (pgs. 4 and 10), the Magistrate refers, or describes Ossinsky's role as "substitute counsel." This is inaccurate, given the clear language in Doc. 34 filed in this case. Doc. 34, (attached), is Ossinsky's Notice of Appearance dated December 30, 2010, filed as "additional counsel." The finding of Ossinsky as "substitute counsel" is clearly a misapprehension, as shown in the Court file. The level of impact on this issue relevant to the R & R suggestion is unknown.

The Magistrate's citation to *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996), for the proposition that "Rule 11 imposes upon late-entering or substitute counsel a duty …" under Rule 11.(Doc. 54, pg. 10) A clear review of *Turner*, and the findings on the new counsel there does not conclusively demonstrate a violation by Ossinsky of the facts as "additional counsel", compared to being "substitute counsel". *Turner* at 1422. *Turner* also does not ascribe liability to "late entering counsel."

Shortly after the deposition of Burrows[1], the Court entered Summary Judgment in favor of Defendant, Burrows. No further conduct of Ossinsky was "presented to the court" in the Burrows Matter. *Id.* at 1421. *Turner* clearly dealt with "substitute counsel", not additional counsel where the original filing/signing counsel remains in the case. The documentation in support needs to be reviewed by the Court to determine the applicability of *Turner* here in the context of any 'sanctionable' conduct of Ossinsky. *Turner* at 1421 – 1422. Such includes equitable consideration of the circumstances by the court when deciding on the imposition of sanctions under the Rule. *Gaiardo v. Ethyl Corp.*, 835 F. 2d 479 (3d Cir. 1987); *Accord Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191 (3d Cir. 1988).

---

[1] Which lasted 2 hours (Doc. 41, Exh. A, pgs. 1, 85).

R & R, pg. 16, the Magistrate quotes language suggested by Movant's counsel, that Kaplan's counsel had "... plagiarized whole sections of summary judgment" from the Burrows matter in the Rutledge case, and which was originally filed by Burrows' counsel here. In spite of R & R footnote 7, (Doc. 54, pg. 16), what effect this had on the Magistrate's findings is unknown, and certainly not relevant to the issues raised by the Rule 11 Motion. In fact, the Magistrate, (R & R, pg. 19), references the Rutledge matter and her counsel, Chapman. The Magistrate found billing entries between counsel for Burrows here, and Rutledge counsel there, Chapman, as part of the sanctions sought. Burrow's Affidavit (Doc. 25-1) was filed and used by Chapman in the Rutledge matter, on behalf of the Rutledge Plaintiffs there, at Doc. 71-15. This clearly suggests a joint effort between these two counsel, which makes any issues of "plagiarism from briefs" irrelevant, and an attempt to inflame by "red herring"! Additionally, no law was cited where public records like motions and briefs are somehow not available for reuse, or copying which demonstrates some kind of wrongful conduct.

Is filing a Notice of Appearance as "additional counsel" and taking one deposition "advocating" as to be liable under Rule 11? Ossinsky would request in light of the *Turner, supra,* relied on by the Magistrate, and the limited role of Ossinsky here, (*CF Brooks*[2]),that such *de minimis* activity, while not lead counsel

---

[2] *Cf Brooks v. Whirlpool Corp.*, 2011 WL 3684774 at *4 (W.D. Tn. 2011), *supra.*

{00099113.DOC- 1}                          6

here does not constitute violations on the scale sought by movant, and the Court should exercise broad discretion in deciding on any sanctions. **Ossinsky did not "continue to insist on arguing …" Kaplan's position after the Court's entry of Summary Judgment informing Burrows**

The Magistrate suggests that "Ossinsky and Blanchfield continue to insist on arguing …" Kaplan's position after the "grant" of summary Judgment citing to Doc. 47 and Doc. 49. (Doc. 54, pg. 12, and fn4). The citations to Ossinsky's Response in Opposition to the Rule 11 Sanctions (Doc. 47), in the attempt to explain his basis in opposition to the Rule 11 Motion should not be misconstrued as his "continu[ing] to insist on arguing …" or advocating the claims, as would support sanctions. Proper consideration of the issue would suggest that candor with the Court on such issues would be helpful in the exercise of the Court's discretion under the Rule. *Turner* at 1421. Ossinsky respectfully suggests that his explanation in Doc. 47 is not a continuation of advocating a frivolous position in the context it was made.

## ADDITIONAL AUTHORITY

The issues delineated above clearly require the Court's attention, and a *de novo* review, under 28 U.S.C. § 636(b)(1). *See also Maale v. Kirchgessner*, 2011 WL 1549058 (S.D. Fla.). It is clear that the Magistrate relies on *Turner, supra,* in finding Ossinsky potentially responsible for sanctions in this matter. (R & R, pgs. 10 and 11).

Analysis as to Ossinsky's role in the matter, and responsibility for any violations comes from the Rule itself. Ossinsky did not sign or advocate to the Court Kaplan's claim[3]. Any violation under the Rule clearly falls under Rule 11(b), as the Magistrate referenced in the R & R, pg. 7. The instant motion (Doc. 41), and the R & R (Doc. 41), fails to "describe the specific conduct" of Ossinsky which supposedly violates Rule 11. *See Rule 11(c)(2)*.

A thorough review of the R & R, and any factual exhibits, or record citations do not demonstrate specific conduct of Ossinsky allegedly violated, as required under the Rule, *supra*.

However, the language used in the R & R as Ossinsky being "substitute counsel" when compared with the Court filings, and the reality of the circumstances, is erroneous. The relevance of *Turner* is certainly subject to

---

[3] Explanation in response to a Rule 11 motion, post summary judgment, is not "advocating" the claims in violation of Rule 11. *Cf Brooks v. Whirlpool Corp.*, 2011 WL 3684774 at *4 (W.D. Tn. 2011).

{00099113.DOC-1}                                8

question, given that the *Turner* ruling focuses on the "substitute counsel" at issue there. *Id.* at 1421. *Turner* found significant that new counsel there continued forward under the Complaint in question. Ossinsky's conduct was limited to filing a Notice of Appearance (as "additional counsel"), and taking a two (2) hour deposition. Ossinsky neither filed, nor signed substantive court filings further advocating the issues in the Kaplan v. Burrows dispute. The Court entered summary judgment three months after the deposition. The significance and value of the *Turner* decision, and its holdings are questionable here, and should be reviewed by the Court. *In re: Southern Textile Knitters*, 65 Fed. Appx. 426, 440 – 442 (4th Cir. 2003). It should also be noted that *Turner* makes clear mention of the "broad discretion" regarding "sanctions," (*Turner* at 1421) in this context.

## EPILOG

It is clear under the law interpreting the Rule that sanction awards under the Rule are focused on the "Rule's central goal of deterrence". *Carswell v. Air Line Pilots Ass'n Int'l,* 248 F.R.D. 325, 328 (D. D.C. 2008) at 328. Ossinsky's *de minimis* conduct here suggests minimal or no sanctions. Ossinsky also suggests an evidentiary hearing on the conduct of counsel would help the Court's review of the R & R, and these objections. *Doering, supra,* and *Gaiardo, supra.*

WHEREFORE counsel, Marc Ossinsky, hereby objects, and requests clarification and review of the Magistrate's Report under 28 *U.S.C.* § 636(b)(1) in

regards to the specific issues set forth above.

Respectfully submitted,

_____
MARC P. OSSINSKY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system on this 19th day of September, 2011, which will send a notice of electronic filing to the following:

**ROBERT BLANCHFIELD, ESQUIRE**
**Robert Blanchfield, P.A.**
127 West Fairbanks Avenue, Suite 272
Winter Park, Florida 32789; and

**RICHARD C. SWANK, ESQUIRE**
**Litchford & Christopher, P.A.**
Post Office Box 1549
Orlando, Florida 32802-1549

_____
MARC P. OSSINSKY, ESQUIRE
Florida Bar Number: 438588
Ossinsky & Cathcart, P.A.
2699 Lee Road, Suite 101
Winter Park, Florida 32789
Telephone: (407) 629-2484
Facsimile: (407) 629-4429
*marc@ossinskycathcart.com*
Co-Counsel for Plaintiff,
**RONALD SCOTT KAPLAN.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:10-CV-95-ORL-18DAB

RONALD SCOTT KAPLAN,            )
                                )
    Plaintiff,                  )
                                )
vs.                             )
                                )
ROBERT L. BURROWS,              )
                                )
    Defendant.                  )
_____)

## NOTICE OF APPEARANCE

COMES NOW Marc P. Ossinsky of the law firm of Ossinsky & Cathcart, P.A., and files this Notice of Appearance as additional counsel of record for the Plaintiff, RONALD SCOTT KAPLAN, in the above-styled cause of action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system on this 30th day of December, 2010, which will send a notice of electronic filing to the following:

**ROBERT BLANCHFIELD, ESQUIRE**
**Robert Blanchfield, P.A.**
127 West Fairbanks Avenue, Suite 272
Winter Park, Florida 32789; and

{00084308.DOC-1}

RICHARD C. SWANK, ESQUIRE
Litchford & Christopher, P.A.
Post Office Box 1549
Orlando, Florida 32802-1549

/s/ *signature*

MARC P. OSSINSKY, ESQUIRE
Florida Bar Number: 438588
Ossinsky & Cathcart, P.A.
2699 Lee Road, Suite 101
Winter Park, Florida 32789
Telephone: (407) 629-2484
Facsimile: (407) 629-4429
marc@ossinskycathcart.com
Co-Counsel for Plaintiff,
**RONALD SCOTT KAPLAN.**