# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RONALD SCOTT KAPLAN,**

    **Plaintiff,**

**v.**                                                     **Case No. 6:10-cv-95-Orl-35DAB**

**ROBERT BURROWS,**

    **Defendant.**
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion for Award of Attorneys' Fees, Costs and Sanctions (Dkt. 41), the Motion to Strike Defendant's Motion for Award of Attorney's Fees, Costs and Sanctions filed by co-counsel for Plaintiff, Marc P. Ossinsky (Dkt. 47), and the Motion to Bifurcate Proceedings, or alternatively, Extension of Time to Respond to the Issue of Reasonableness of Defendant's Fees filed by Plaintiff and his counsel (Dkt. 48). On September 6, 2011, United States Magistrate Judge David A. Baker entered a Report and Recommendation recommending that the Court grant in part the Motion for Award of Attorneys' Fees, Costs and Sanctions, deny the Motion to Strike, and grant in part the Motion to Bifurcate Proceedings. (Dkt. 54.)

Co-counsel for Plaintiff, Marc P. Ossinsky, filed an Objection on his own behalf on September 16, 2011. (Dkt. 58.) Plaintiff and lead counsel, Robert Blanchfield, filed a separate Objection on September 20, 2011. (Dkt. 59.) After reviewing the submissions of the parties, Judge Baker's Report and Recommendation (Dkt. 54) and the relevant legal authority, the Objection of Plaintiff and Mr. Blanchfield is **OVERRULED**. The Objection of

Mr. Ossinsky is **SUSTAINED**.  Aside from this sustained objection, the Report and Recommended is otherwise **ADOPTED, CONFIRMED** and **APPROVED**.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file and relevant legal authority, the Court **ADOPTS** the recommendation that Rule 11 sanctions be imposed against Plaintiff and against Mr. Blanchfield for the reasons set forth in the Report and Recommendation.  The Objection filed by Plaintiff and Mr. Blanchfield is **OVERRULED**.

With respect to Mr. Ossinsky, however, the Court declines to impose Rule 11 sanctions.  Mr. Ossinsky did not file this action.  He entered this litigation after the submission

of Defendant's Motion for Summary Judgment and after the submission of Plaintiff's Response in opposition. Mr. Ossinsky's only participation in this action appears to be the filing of a Notice of Appearance and the taking of a deposition. The Court does not disagree with the analysis of Judge Baker in that sanctions *could* be imposed under the reasoning of Turner v. Sungard Business Systems, Inc., 91 F.3d 1418 (11th Cir. 1996). But Turner does not compel the imposition of sanctions, and, in light of Mr. Ossinsky's late entry into this litigation as co-counsel and in the absence of an affirmative assertion of a frivolous legal position by Mr. Ossinsky, the Court declines to impose sanctions under Rule 11. See In re Southern Textile Knitters, 65 F. App'x 426, 441 n.3 (4th Cir. 2003) (reversing sanctions imposed for failing to withdraw baseless claim and distinguishing Turner based on the lack of an affirmative assertion of a frivolous legal position). Based on the foregoing, Mr. Ossinsky's Objection is **SUSTAINED**.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Award of Attorneys' Fees, Costs and Sanctions (Dkt. 41) is **GRANTED in part** as to the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. Sanctions under Rule 11 shall be imposed against Ronald Kaplan and Robert Blanchfield. The Motion for Award of Attorneys' Fees, Costs and Sanctions is **DENIED in part** to the extent that Defendant seeks Rule 11 sanctions against Marc Ossinsky and to the extent that Defendant seeks sanctions under 28 U.S.C. § 1927 and pursuant to the Court's inherent powers.

2. Marc. P. Ossinsky's Motion to Strike Defendant's Motion for Award of Attorney's Fees, Costs and Sanctions (Dkt. 47) is **DENIED**.

3. Plaintiff's and Counsel's Motion to Bifurcate Proceedings, or alternatively, Extension of Time to Respond to the Issue of Reasonableness of Defendant's Fees (Dkt. 48) is **GRANTED**. The Court will determine the type and amount of sanctions by separate proceedings.

4. Pursuant to 28 U.S.C. § 636, the determination regarding the type and amount of sanctions to be imposed is hereby **REFERRED** to Judge Baker for entry of an order or report and recommendation as appropriate and the conduct of all proceedings necessary to the resolution of this matter.

5. The Objection (Dkt. 58) of Marc P. Ossinsky is **SUSTAINED**. The Objection (Dkt. 59) filed by Mr. Blanchfield and Mr. Kaplan is **OVERRULED**.

**DONE** and **ORDERED** in Orlando, Florida, on this 31st day of October 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record